UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL E. ELSEA,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING LLC and LLOYD & MCDANIEL, PLC,<br><br>Defendants. | CASE NO. 1:18-cv-02151 |

## CLASS ACTION COMPLAINT

### I.   INTRODUCTION

1. This is a class action brought by Plaintiff Daniel E. Elsea, individually and on behalf of all others similarly situated, for actual damages, statutory damages, costs of the action, a reasonable attorney's fee and all other damages allowed by law from Defendants for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II.   PLAINTIFF

2. Plaintiff Daniel E. Elsea is a natural person residing in Indianapolis, Indiana.

### III.   DEFENDANTS

3. Defendant Midland Funding LLC ("Midland Funding") is a for-profit foreign limited liability company with its principal place of business in San Diego, California.

4. At all times referenced herein, Midland Funding was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

5. Defendant Lloyd & McDaniel, PLC ("Lloyd & McDaniel") is a foreign limited liability company with a principal place of business in Louisville, Kentucky.

6. At all times referenced herein, Lloyd & McDaniel was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

### IV.   STATEMENT OF FACTS

7. Plaintiff obtained and used a Chase Bank credit card for family, personal and household purposes.

8. The credit card allegedly became delinquent.

9. Chase sold the debt and it was assigned to Midland Funding.

10. On July 9, 2010, Midland Funding, represented by the law firm of Bowman, Heintz, Boscia & Vician, P.C., file a lawsuit against Plaintiff captioned *Midland Funding LLC v. Daniel E. Elsea*, 49D12-1007-CC-030205 ("Lawsuit").

11. On December 8, 2010, Midland Funding obtained a default judgment in the Lawsuit against Plaintiff in the amount of $11,263.58 plus costs.

12. Plaintiff thereafter made payments on the Lawsuit judgment during the time when Midland Funding was represented by Bowman, Heintz, Boscia & Vician, P.C.

13. Some of Plaintiff's payments were erroneously credited toward accrued interest rather than the principal amount of the Lawsuit judgment.

14. In 2016, Bowman, Heintz, Boscia & Vician, P.C. was acquired by the law firm of Blatt, Hasenmiller, Leibsker & Moore, LLC and the latter began representing Midland Funding.

15. In 2017, Blatt, Hasenmiller, Leibsker & Moore, LLC went out of business and Lloyd & McDaniel began representing Midland Funding.

16. On November 17, 2017, Defendants sent Plaintiff a dunning letter stating that the "Account Balance" on the Lawsuit judgment was $10,475.66.

17. A copy of the November 17, 2017, dunning letter is attached as Exhibit A.

18. The November 17, 2017, dunning letter was Lloyd & McDaniel's initial communication with Plaintiff concerning the Lawsuit judgment.

19. The account balance stated in the November 17, 2017, dunning letter is overstated because Plaintiff's payments were previously credited in part toward accrued interest when they should not have been.

20. Plaintiff owed significantly less than $10,475.66 on the Lawsuit judgment on November 17, 2017.

## V.   CLAIMS FOR RELIEF

### A.  Fair Debt Collection Practices Act

21. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through twenty.

22. Defendants violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

    a. The November 17, 2017, dunning letter contains a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e;

    b. The November 17, 2017, dunning letter contains a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c. The November 17, 2017, dunning letter contains a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(10);

    d. The November 17, 2017, dunning letter contains a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1) (Lloyd & McDaniel ONLY).

23. As a result of the violation of the Fair Debt Collection Practices Act, Defendants are liable to Plaintiff for his statutory damages, costs, attorney fees and all other appropriate relief.

### B. CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and all persons similarly situated in the State of Indiana who received an initial communication dunning letter (at any time from one year before the date of the filing of this Class Action Complaint to the present) from Defendants concerning a judgment debt obtained by Midland Funding and Bowman, Heintz, Boscia & Vician, P.C. toward which payments previously had been made during the time that Bowman, Heintz, Boscia & Vician, P.C. represented Midland Funding.

25. Defendants regularly engage in debt collection of judgments obtained by Midland Funding and Bowman, Heintz, Boscia & Vician, P.C. from other persons located in the State of Indiana.

26. This lawsuit seeks a determination by the Court that the violations alleged in paragraph 22 above are indeed violations of the Fair Debt Collection Practices Act and for an award of damages as authorized by 15 U.S.C. § 1692k(a) for all similarly-situated persons.

27. The class members are so numerous that joinder is impracticable. On information and belief, the proposed class consists of more than 35 persons.

28. Plaintiff's claims are typical of the proposed class. Common questions of law or fact raised by this class action complaint affect all members of the proposed class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to the individual members of the proposed class, and a risk that any adjudications with respect to individual members of the proposed class would, as a practical matter, either be

dispositive of the interests of other members of the proposed class not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

30. Plaintiff will fairly and adequately protect and represent the proposed class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the proposed class because Defendants' conduct was perpetrated on all members of the proposed class and will be established by common proof. Moreover, Plaintiff has retained counsel with extensive experience in the Fair Debt Collection Practices Act and class action litigation.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Certify the class of all persons living in the State of Indiana who received an initial communication dunning letter (at any time from one year before the date of the filing of this Class Action Complaint to the present) from Defendants concerning a judgment debt obtained by Midland Funding and Bowman, Heintz, Boscia & Vician, P.C. toward which payments previously had been made;

B. Appoint Plaintiff as Class Representative of the Class and his attorney as Class Counsel;

C. Find that Defendants overstated the amount owed by each class member in the initial communication dunning letter to the class member and thereby violated the FDCPA;

D. Enter judgment in favor of Plaintiff and the Class and against Defendants for actual damages, statutory damages, costs and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a);

E. Award Plaintiff an incentive award for his participation as Class Representative; and

F. All such additional relief as the Court deems appropriate and just.

For Plaintiff Daniel E. Elsea, individually, and all others similarly situated:

s/ *Robert E. Duff*
Robert E. Duff
INDIANA CONSUMER LAW GROUP/
THE LAW OFFICE OF ROBERT E. DUFF
P.O. Box 7251
Fishers, IN 46037
Telephone: 800-817-0461
Facsimile: 800-817-0461
Email: robert@robertdufflaw.com

4